Sarup LAL, Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

Nos. 07–73135, 07–74562.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2010.*

Filed March 24, 2010.

Christopher John Stender, Esquire, Immigration Practice Group a Professional Corporation, San Francisco, CA, Christopher John Stender, Esquire, Stender & Lappin, San Diego, CA, for Petitioner.

Christopher McGreal, Stephen Elliott, Esquire, Emily Anne Radford, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Sarup Lal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying his motion to reopen based on ineffective assistance of counsel and his motion to reconsider that denial. We have juris-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

diction pursuant to 8 U.S.C. § 1252. We review for substantial evidence findings of fact regarding counsel's performance, *Lin v. Ashcroft,* 377 F.3d 1014, 1024 (9th Cir. 2004), and review for abuse of discretion the denial of a motion to reopen or reconsider, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petitions for review.

Substantial evidence supports the BIA's determination that Lal did not establish ineffective assistance by his former counsel because the record does not compel the conclusion that Lal paid his former counsel to file a petition for review. *See Lin,* 377 F.3d at 1023 (petitioner must establish that counsel's performance prevented him from reasonably presenting his case). Because Lal did not establish ineffective assistance of counsel, the BIA did not abuse its discretion by denying the motion to reopen. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

The BIA also did not abuse its discretion in denying Lal's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's order denying the motion to reopen. *See* 8 C.F.R. § 1003.2(b).

**PETITIONS FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.